21-338-pr
*Laboriel v. Lee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-two.

Present:

> REENA RAGGI,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

WILSON LABORIEL,

>  *Petitioner-Appellant*,

> v.                                                                                    21-338-pr

WILLIAM LEE, Superintendent of the Eastern Correctional Facility

>  *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | LAWRENCE GERZOG, Law Offices of Lawrence Gerzog, New York, NY |
| For Respondent-Appellee: | MICHELLE MAEROV, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), for Letitia James, Attorney General, State of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Wilson Laboriel appeals from the district court's judgment, entered January 7, 2021, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to a judgment of the New York Supreme Court rendered June 25, 2013, as amended July 24, 2013, Laboriel was convicted of one count of second-degree criminal sale of a firearm (N.Y. Penal Law § 265.12(2)), six counts of third-degree criminal sale of a firearm (N.Y. Penal Law § 265.11(1)), and four counts of second-degree criminal possession of a loaded weapon (N.Y. Penal Law § 265.03(3)). He unsuccessfully sought a writ of habeas corpus in the district court, arguing that the state trial court deprived him of his right to counsel and due process by failing to adequately inquire into his request to replace his court-appointed attorney, and that the state appellate court improperly denied relief on those claims. The Court assumes the parties' familiarity with the case.

A district court's denial of a § 2254 petition is reviewed *de novo*. *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). When a state court adjudicates a habeas petitioner's claim on the merits, a district court may grant relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). These standards are "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Courts should "not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (cleaned up).

Under the "clearly established Federal law" clause, § 2254(d)(1), a state court adjudication is "contrary to" Supreme Court precedent if it "contradicts the governing [Supreme Court] law" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). As relevant here, an unreasonable application of federal law occurs when a "state court identifies the correct governing legal rule. . . but unreasonably applies it to the facts of [a petitioner's] case." *Id.* at 407. If there are no Supreme Court holdings that squarely address a petitioner's claim, "it cannot be said that the state court unreasonably applied clearly established Federal law." *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (cleaned up).

Laboriel identifies no Supreme Court precedent (1) addressing the type of inquiry a state trial court must make to evaluate a pre-trial motion for reassignment of court-appointed counsel; or (2) holding that a state trial court erred by denying a defendant's pre-trial request to replace his court-appointed attorney in a case involving materially indistinguishable facts from the present case. He mentions *McMann v. Richardson*, 397 U.S. 759 (1970), and *Schriro v. Landrigan*, 550 U.S. 465 (2007), but these cases are unavailing because neither involved a defendant's request for reassignment of court-appointed counsel before or during trial. Laboriel's reliance on precedent from this Court is also misplaced because "circuit precedent does not constitute clearly established Federal law" under § 2254(d)(1). *Glebe v. Frost*, 574 U.S. 21, 24 (2014) (internal quotation marks omitted). Given Laboriel's failure to identify any directly relevant Supreme Court precedent, the state appellate division's rejection of his claim was not contrary to or an unreasonable application of federal law under § 2254(d)(1).

Nor can Laboriel avoid this conclusion by arguing that he is complaining of state court errors of fact rather than law. Whether a court *adequately* reviewed alleged facts—Laboriel's

complaint—raises a question of law about the appropriate standard, a matter on which, as we have already observed, there is no clearly established Supreme Court precedent governing the circumstances here. Under the "unreasonable determination of the facts" clause, § 2254(d)(2), a federal court will "presume the correctness of state courts' factual findings unless [petitioners] rebut this presumption with 'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473–74 (quoting 28 U.S.C. § 2254(e)(1)). "If reasonable minds . . . might disagree about the finding in question, . . . that does not suffice to supersede the trial court's determination." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (cleaned up).

Laboriel has not identified clear and convincing evidence to disturb the appellate division's findings that he (1) made generic complaints about his attorney that would not necessitate an inquiry into the adequacy of his representation; and (2) had several opportunities to be heard but failed to amplify his complaints with case-specific allegations. The basis for Laboriel's initial request for reassignment of counsel was a pre-printed form affidavit that contained non-case-specific complaints about an incarcerated defendant's attorney. Laboriel apparently added to this form only by hand-writing basic identifying information (such as his name and signature) in the relevant blanks. Moreover, despite the trial court's refusal to hear him on the eve of trial, Laboriel had several opportunities to substantiate the form's generic allegations during other hearings, but he did not do so.

Finally, even assuming the trial court's inquiry was inadequate, any error would have been harmless because Laboriel does not contend that he did not wish to stand trial rather than accept a proposed guilty plea, and, as the district court found, Laboriel was competently represented by court-appointed counsel throughout his trial. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) (noting that indigent defendants have "no cognizable complaint" under

4

the Sixth Amendment if they are adequately represented by court-appointed attorneys).

*     *     *

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court